**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 05-0172 PCT-DGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Earl James, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

A status conference was held on July 24, 2006. Several matters were discussed. The Court will address these matters individually.

**A.    Defendant's Motion in Limine.**

Defendant has filed a motion in limine to preclude evidence related to a prior conviction for sexual assault. Doc. #53. The Government has filed a response. Doc. #59. Defense counsel stated at the status conference that he would submit the issue to the Court on the memoranda.

Rule 414(a) of the Federal Rules of Evidence states that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." The Ninth Circuit has held that the limitations of Rule 403 apply to the application of Rule 414. "Because of the inherent strength of the evidence that is covered by [Rule 414], when putting this type of evidence through the [403] microscope, a court should pay 'careful attention to both the

1    significant probative value and the strong prejudicial qualities' of that evidence." *Doe ex.*

2    *rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (quoting *United States v.*

3    *Guardia*, 135 F.3d 1326, 1330 (10th Cir. 1998)).  The Ninth Circuit has articulated several

4    non-exclusive factors to be considered in this analysis: (1) the similarity of the prior acts to

5    the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the

6    frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the

7    necessity of the evidence beyond the testimonies already offered at trial.  *United States v.*

8    *LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001).

9         Although the parties have provided substantial information related to this analysis, the

10    Court concludes that it cannot make a final determination on this issue until trial.  The Court

11    will discuss the factors set forth in *LeMay* in this order, and will conduct an additional

12    consideration of those factors during trial.

13         First, the Government asserts that the prior conduct for which Defendant was

14    convicted is very similar to the conduct at issue in this case – the alleged sexual assault,

15    through actual or attempted anal intercourse, of male children.  The Government has

16    provided the Court with a complaint from Defendant's prior case that confirms the nature of

17    the prior charges.  Assuming that the complaint contains all of the information that will be

18    available at trial concerning the prior charges, it does appear that the previously charged

19    sexual assaults were very similar to the assaults allegedly committed in this case.

20         Second, although the prior sexual assaults occurred in 1982 and resulted in

21    Defendant's guilty plea in 1983, the Government contends that this is not too remote in time.

22    Commentators seem to agree: "The time lapse between the prior offense and the charged

23    offense is more likely to affect the weight than the admissibility of the evidence.  The

24    language of the rule does not address this problem, but the legislative history indicates that

25    'there is no time limit beyond which prior sex offenses by a defendant are inadmissible.'"

26    2 Jack V. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 413.03[1]

27    (Joseph M. McLaughlin, ed. Matthew Bender 2d ed. 2006) (quoting *United States v.*

28    *Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997)).  The Government cites the *Meacham*

decision, in which the prior acts occurred 30 years earlier, and *United States v. Larson*, 112 F.3d 600 (2nd Cir. 1997), in which the prior acts occurred 16 to 20 years earlier. The fact that the Ninth Circuit has identified proximity in time as one of the factors to be considered in a Rule 414 analysis, however, suggests that it has at least some relevance to the Court's decision.

Third, the parties spent little time addressing the frequency of the prior acts. It appears that there were two assaults in 1982 and two alleged assaults in this case. The assaults, separated by more than 20 years, could not reasonably be characterized as "frequent."

Fourth, the parties have identified no intervening circumstances other than the passage of time. Defendant has pointed to no other events in his life that would make it less likely that he would repeat sexually predatory conduct.

Fifth, the Court cannot at this time assess the necessity of the evidence beyond the testimony to be offered at trial. The Government has asserted that the only evidence in this case will be testimony of the victim, his brother, and his parents. Because the two key witnesses are children who have given somewhat varying accounts of the assault, the Government suggests that the Rule 414 evidence is necessary for the jury to accurately assess the credibility of all witnesses. The Court will consider this issue after it has heard opening statements and has some sense for the evidence to be presented during trial.

The Government should not discuss the Rule 414 evidence during opening arguments. The Court will rule on the admissibility of the prior criminal acts after it has heard opening statements and at least some testimony from the Government's witnesses. The parties should consider what, if any, limiting instructions should be given if the Court determines that the evidence is admissible.

**B.    Defendant's Competency.**

A question was raised earlier in this case concerning Defendant's competency to stand trial. As a result, Defendant was examined at the Government's Metropolitan Detention Center in Los Angeles, California. The Court has now received a Forensic Evaluation dated

January 10, 2006, and a letter from the Warden of the Metropolitan Detention Center dated January 25, 2006.  The Forensic Evaluation concludes that there is no objective information or evidence to indicate that Defendant suffers from signs or symptoms of a major mental disorder that would impair his ability to understand the nature and consequences of the court proceedings against him or his ability to properly assist counsel in his defense. Defendant has presented no contrary evidence or argument, and defense counsel indicated at the status conference that he would submit the issue of Defendant's competency to the Court on the basis of the Forensic Evaluation.

On the basis of the Forensic Evaluation signed by Lisa Hope, Psy.D., and Ralph Ihle, Ph.D., and the absence of any controverting evidence, the Court finds that Defendant is competent to stand trial.

**C.     Proposed Voir Dire and Preliminary Jury Instructions.**

Attached to this Order are the Court's proposed voir dire and preliminary jury instructions.  These will be discussed at the final conference to be held at 9:00 a.m. on August 7, 2006.

DATED this 28th day of July, 2006.

_____
David G. Campbell
United States District Judge

- 4 -

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 05-172 PCT-DGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Earl James, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS
## AND VOIR DIRE

DATED: July 28, 2006

David G. Campbell
United States District Judge

## 1.1 DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions.  At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

## 1.2 THE CHARGE – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with [*crime[s] charged*]. The charge[s] against the defendant [is] [are] contained in the indictment. The indictment is simply the description of the charge[s] made by the government against the defendant; it is not evidence of anything.

[In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] which the government must prove to make its case: [*supply brief statement of elements of crime[s]*]]. These instructions are preliminary and the instructions I will give at the end of the case will control.]

The defendant has pleaded not guilty to the charge[s] and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

## 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits which are received into evidence; and

(3)      any facts to which all the lawyers stipulate.

## 1.4 WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.      statements and arguments of the attorneys;

2.      questions and objections of the attorneys;

3.      testimony that I instruct you to disregard; and

4.      anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## 1.5 EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 1.7 RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

## 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness's testimony;

6.     the reasonableness of the witness's testimony in light of all the evidence; and

7.     any other factors that bear on believability.

## 1.9 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## 1.10 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

## 1.11 TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the court room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## 1.12 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

## 2.2 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence.  It is appropriate to take these matters up outside the presence of the jury.  Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## CRIMINAL VOIR DIRE QUESTIONS

1.     Read statement of the case.

- Have any of you read or heard anything about this case from any source whatsoever?

- Given this brief description of the facts, is there anything about this case that would cause you to believe that you could not consider the evidence fairly and impartially according to the law?

2.     Introduce self and staff: Lisa Richter, Tricia Lyons, Jeff Kilmark, Nicole Nakaji, and Nancy Johnson.  Do any of you know me or any member of my staff on any basis, social, professional or otherwise?

2.     The United States is represented by Diane Humetewa.  Counsel please stand.  She is an assistant United States attorney.

- The United States attorney is **Paul K. Charlton**.  Do any of you know counsel, or the United States attorney, or any of the employees in their office on any basis, social, professional or otherwise?

- Counsel, please introduce your investigator.  Do any of you know the investigator or any employees of his/her office on any basis, social, professional or otherwise?

3.     The defendant is represented by Gerald A. Williams.  Counsel please stand.

- Do any of you know the defendant's attorney or any employees of his office on any basis, social, professional or otherwise?

1

- Counsel, please introduce your client.  Do any of you know the defendant on any basis, social, professional, or otherwise?  (Ask in detail about lawyers from the same office, if appropriate.)

4.    The witnesses who may be called during this trial are: (See Witness Tab):

- Do any of you know or think you might know any of these witnesses?

5.    Have you or any members of your family, including brothers, sisters, parents or children, or close friends, ever been the victims of criminal conduct?  (give small example)

- If yes, please explain including what the incident was, what police agency investigated, did you have to make a statement, and was the responsible party apprehended?

- Do you think this experience would prevent you from being fair and impartial in this case?

6.    Have you or any members of your family ever been convicted of a felony?

- If so, which family member, what offense, and what was the disposition?

- Do you think this experience would prevent you from being fair and impartial in this case?

7.    Have you or any members of your family or close friends ever served in the capacity of law enforcement officer:

- Please note that in the definition of law enforcement officer, I am including not only police officers, but also employees of law enforcement agencies, military

2

police, INS, border patrol, DEA, ATF, etc.

- Do you think this relationship would prevent you from being fair and impartial in this case?

8.   There will be witnesses called during this trial who are members of law enforcement and who may have been in that profession for a number of years.

- Would you give greater or lesser weight to their testimony solely because of their employment and experience in law enforcement?

9.   Have any of you or members of your family been a party or witness in any litigation (excluding domestic relations, traffic, or probate)?

- Do you think this experience would prevent you from being fair and impartial in this case?

10.   Do any of you or any of the members of your family have any legal training?

- Do you think this training would affect your ability to be fair and impartial in this case?

11.   Have you, anyone in your family or any of your friends been the victim of any type of sexual abuse?

12.   Do you think you will have difficulty discussing the sexual nature of this case, sexual terms or matters openly with your fellow jurors?

13.   Have you, any member of your family or close personal friends ever been involved in an investigation by law enforcement or a social service agency into alleged child sexual abuse?  If so, was there anything about that experience, such as the manner

3

in which that person was treated by law enforcement or the social service agency, that makes you unable to serve as a fair juror in this case?

14.     Would anyone on the panel refuse to convict a person of sexual abuse solely on the testimony of a child victim?

15.     You will hear evidence in this case that the victim and defendant are members of an Indian tribe and some of the other witnesses who will testify in this case are Indians.

•       Due to any personal beliefs, opinions and/or life experiences involving Indians that you may have had, would this fact make it difficult for you to be a fair and impartial juror in this case?

16.     This crime is alleged to have occurred on the White Mountain Apache Indian Reservation.  Do any of you feel the federal government should not be involved in the prosecution of crimes which occur on an Indian Reservation?

17.     Do any of you feel that the government has a higher burden of proof in cases involving Indian defendants or victims because the upbringing of the victim or defendant is different than your own?

18.     Have any of you had a civil dispute, formal or informal, with any federal agency or department, such as with the Internal Revenue Service, or the United States Government?  If so, would that dispute make it difficult for you to be a fair and impartial juror to both the government and the defendant?

19.     Do you have a belief, whether religious or philosophical, which makes it difficult

4

for you to sit in judgment of another?

20.   I will instruct you what the law is at the conclusion of the case.  If selected as a juror, you will take an oath to follow the law.  Does anyone think you would have trouble following the law even if you may disagree with it?

21.   In a civil case the burden of proof is a preponderance of the evidence.  This is a criminal case in which the government must prove guilt beyond a reasonable doubt.  Does anyone have any difficulty in holding the government to its burden?

22.   Here are some fundamental principles of law:

- The fact that an indictment has been filed raises no presumption whatsoever of the guilt of the defendant.

- The United States government must satisfy you beyond a reasonable doubt of the guilt of the defendant.

- The defendant does not have any obligation to testify or to produce any evidence and you may not draw an adverse inference if the defendant chooses not to testify.

- The defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt.

- You must wait until all of the evidence has been presented before making up your minds as to the innocence or guilt of the defendant.

- Does anyone believe that they would have any difficulty following these principles of law?

5

23.     Ladies and gentlemen, we recognize that jury service is probably an inconvenience for you, taking you away from your jobs and families and disrupting your daily routine.  Jury service is, however, one of the most important duties that citizens of this country can perform.  For this reason, from time to time we ask citizens to make sacrifices and serve on juries, even when inconvenient.  Prospective jurors can be excused from jury service if the length of the trial or the daily schedule would impose undue hardship.  By undue hardship I mean more than inconvenience – I mean genuine hardship that would be experienced by you or your family.  This case is expected to last ___ days.  Would the length of the trial create an undue hardship for any of you?

24.     I expect to conduct trial on these dates and times:

_____

_____

_____

_____

_____

_____

•     Would this schedule create an undue hardship for any of you?

25.     Do any of you have any other reason whatsoever, such as a physical difficulty, a health problem or home problems that might interfere with your serving as a fair and impartial juror in this case?

6

26.     Some of the participants in this trial are ethnic minorities.  Has anyone had any

        contact or experience with ethnic minorities which would make it difficult to

        render a fair and impartial verdict in this matter?

27.     Ladies and Gentlemen, we have handed you a sheet with 10 separate questions.

        Please stand and answer the questions.  The last question asks about your prior

        jury service.  With respect to civil cases, just tell us the number of civil juries on

        which you have served.  With respect to criminal cases, please indicate the nature

        of the crime involved and the result of the case, guilty, not guilty, or hung jury, for

        each of the criminal juries you have served on.

28.     Did any of you know each other before this morning?

29.     If there are any matters that you would rather discuss privately that may affect

        your ability to be a fair and impartial juror, please let the Court know.

**1.**     Juror number

2.     The general location of your residence

3.     Length of time at current residence

4.     Education after high school, if any.  State your major

5.     Marital status

6.     Number of children.  Ages of children if under 18

7.     Employment

    A.     Yourself – current job and types of jobs throughout lifetime

    B.     Spouse – current job and types of jobs throughout lifetime

8.     Civil, social, fraternal, union or professional organizations.  Offices held in them

9.     Hobbies or recreational activities

10.     Prior jury service – civil or criminal